## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: 09-02854

ADVERSARY PROCEEDING NO: 09-80133

## ORDER

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**02/01/2010**



US Bankruptcy Court Judge
District of South Carolina

Entered: 02/01/2010

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re, | C/A No. 09-02854-JW |
| Gina Anasti Lee, | Adv. Pro. No. 09-80133-JW |
| Debtor(s). | Chapter 13 |
| Gina Anasti Lee, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| Plaintiff(s), | |
| v. | |
| James Anasti, | |
| Defendant(s). | |

This matter comes before the Court on the Motion to Dismiss ("Motion") filed by James Anasti ("Anasti" or "Defendant") and the response filed thereto. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

**FINDINGS OF FACT**

1.    On October 26, 2007, the Richland County Court of Common Pleas entered an order ("state court order") granting partial summary judgment to Anasti with respect to the ownership of real property located at 2325 Two Notch Road, Columbia, SC (the "Property"). The court rejected Debtor's claim to the Property by adverse possession and Debtor's defenses of laches and estoppel and found title to the Property belonged solely to Anasti.

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent that any Conclusions of Law constitute Findings of Fact, they are so adopted.

2.      Debtor appealed the state court order, but after indicating the appeal may have been untimely filed, the Court of Appeals held the appeal in abeyance due to the filing of bankruptcy by Gina Anasti Lee ("Debtor").

3.      Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 16, 2009, but then converted her case to Chapter 13, just after the Chapter 7 Trustee declared that there were no assets to recover for the benefit of the creditors of the estate.

4.      On August 20, 2009, Debtor commenced this adversary proceeding seeking again to establish an interest in the Property based primarily upon the same arguments asserted in state court.

5.      On December 21, 2009, this Court entered an amended order ("§ 362 Order") granting Anasti relief from the automatic stay pursuant to § 362(d)(1) so that Debtor's appeal of the order denying her claim to the Property can be finally determined through the state appellate process.

6.      This Court subsequently denied Debtor's motion to stay pending appeal by order entered January 15, 2010.

## CONCLUSIONS OF LAW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic, 550 U.S. at 556). Plausibility does not require probability, but does require something "more than a sheer possibility that a defendant has acted unlawfully." Id.

In her Complaint, Debtor requests that the Court issue an order establishing that the bankruptcy estate holds superior title to the Property based on adverse possession, laches, estoppel, and staleness; that the Property may be sold for the benefit of the bankruptcy estate; and that the Property is property of the estate based on the avoidance powers under 11 U.S.C. § 544(a).

Anasti moves to dismiss the Complaint pursuant to Rule 12(b)(1), (5), and (6), Fed. R. Civ. P., as made applicable to this proceeding by Rule 7012, Fed. R. Bankr. P.  Anasti argues that service of process was insufficient;[2] that the Court lacks subject matter jurisdiction to overturn the state court determination pursuant to the Rooker-Feldman doctrine; that the Complaint fails to state a claim because even assuming the allegations of the Complaint are true, Debtor sold any claimed interest in the Property in January 2000 to third parties; that no facts have been pled to support the Trustee's ability to avoid a properly entered judgment; and that Debtor lacks standing to assert claims under § 544 because such avoidance powers are limited to the appointed Trustee.

After considering the parties' arguments at the hearing and the pleadings submitted, the Court finds that Debtor has failed to state a plausible claim for relief and Anasti's Motion should be granted.  Section 544(a) provides the Trustee with rights and powers to avoid certain transfers and obligations of the debtor.  Debtor's rights and powers, however, appear to be limited to § 522(h), which permits a debtor to avoid a transfer of property to the extent the debtor could have exempted such property under (g)(1) if such transfer is avoidable by the Trustee under § 544 and the Trustee does not attempt to avoid such transfer.  In re Dawson, 411 B.R. 1, 21, 24-25 (Bankr. D.D.C. Apr. 9, 2008) (finding that a Chapter 13 debtor is not authorized to sue on a

---

[2] Anasti asserts that he was not served at his "dwelling house" or "usual place of abode" or at a "place where [he] regularly conducts a business or profession" since he resides and conducts business outside of the United States.

Trustee's avoidance powers other than pursuant to § 522(h)).  In her Complaint, Debtor has failed to plead a cause of action under § 522(h) or set forth facts which would identify the transfer or obligation that she seeks to avoid.  Thus, Debtor's Complaint has failed to satisfy the standard pursuant to Iqbal sufficient to survive a motion to dismiss.

With respect to the remaining causes of action in Debtor's Complaint, the Court has previously found in its § 362 Order that these issues should be conclusively determined by the state appellate court and should not be relitigated via this adversary proceeding.  The state court has comprehensively reviewed the issues pertaining to Debtor's claim to the Property, an appellate review of the state court order has been requested by Debtor, and a resolution in the pending state appellate proceedings would provide this Court with a final determination of the state law issues regarding Debtor's claim to the Property, on which her remaining causes of action depend.  As noted in the § 362 Order, should the state court find that Debtor has an interest in the Property, the automatic stay shall apply and the parties may return to this Court. Until that time, however, the Court restates its finding that, in the interests of judicial economy, the remaining state law issues raised by Debtor in her Complaint have already been litigated in and addressed by the lower state court and should be finally resolved in the state court.[3]

---

[3]      Additionally, courts in this district have indicated that the Rooker-Feldman doctrine may apply even though the state court litigation has not reached a state's highest court.  See Sharper v. S.C. Dep't of Corr., C/A No. 2:09-777, slip op., 2009 WL 1209583, at *1 (D.S.C. May 1, 2009) (finding that the federal action was barred by Rooker-Feldman because "it [was] clear that the plaintiff [was] seeking to challenge the results of an on-going state court action"); Lloyd v. Miller, C/A No. 9:08-cv-00675, slip op., 2009 WL 2356170, at *4 (D.S.C. May 8, 2009) (applying doctrine even though state court litigation had not yet reached highest state court); In re Moore, C/A No. 04-15363-B, slip op., 2005 WL 6267364, at *2 (Bankr. D.S.C. 2005) (finding the Rooker-Feldman doctrine precluded the bankruptcy court's review of the appealable master-in-equity's order).

Accordingly, based on the foregoing reasons and the Court's previous orders in the main bankruptcy case, the Motion is granted and Debtor's Complaint is dismissed without prejudice.[4]

**AND IT IS SO ORDERED.**

---

[4]    On the eve of entry of this order, Debtor filed a motion to amend the complaint to add other causes of action. Considering the timing of the request and it appearing that the new causes are not time barred, the Court shall deny the motion without prejudice, providing Debtor the opportunity to refile upon conclusion of the state court appeal.